THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 1:25-cv-163 |
| v. | : | Judge Walter H. Rice |
| | : | Mag. Judge Michael R. Merz |
| DIXIE RETAILS INC., *et al.*, | : | |
| Defendants. | | |

ORDER OVERRULING PLAINTIFF GS HOLISTIC, LLC'S MOTION TO STRIKE (DOC. #38) AS TO THE THIRD AND FIFTH AFFIRMATIVE DFENSE RAISED BY DEFENDANTS REPRESENTED BY PERRY DAVIS, JR. IN THEIR ANSWER (DOC. #36), AND SUSTAINING THE MOTION TO STRIKE IN ALL OTHER RESPECTS; WITHIN FOURTEEN (14) DAYS OF ENTRY, THE DAVIS DEFENDANTS MUST FILE AN AMENDED ANSWER AS TO PARAGRAPHS 3 THROUGH 29 OF PLAINTIFF'S COMPLAINT (DOC. #1) THAT COMPLIES WITH FEDERAL RULE OF CIVIL PROCEDURE 8(b)

This case is before the Court on Plaintiff GS Holistic's Motion to Strike the Affirmative Defenses of Defendants. (Motion to Strike, Doc. #38). On March 14, 2025, Plaintiff filed its Complaint against twenty-nine Defendants. (Doc. #1). Twenty-seven of the Defendants, represented by Perry Davis, Jr. ("Davis Defendants") filed joint Answer on June 18, 2025. (Doc. #36). Therein, the Davis Defendants raised eight Affirmative Defenses. (*Id.* at PAGEID 305-06). On July 9, 2025, Plaintiff moved to strike the following Affirmative Defenses:

2. Failure to Sue a Proper and Indispensable Party;

    3. Laches;

    4. Qualified Immunity;

    5. Statute of Limitations;

    6. Plaintiff Lacking Standing;

    7. Adequate Remedy at Law; and

    8. Complaint is Moot.

(Doc. #38, PAGEID 320-25). Plaintiff also prays that part of the Davis Defendants' answer—"Defendants admit in party [*sic*], denies in part allegations in paragraphs '3,' '4,' '5,' '6,' '7,' '8,' '9' and '10' through '29'"—should be struck as violative of Rule 8. (*Id.* at PAGEID 325-26, quoting FED.R.CIV.P. 8(b)(2-4); Doc. #36, PAGEID 305, ¶ 2). The Davis Defendants did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2). The matter is ripe for decision.

I. **Legal Standards**

On its own or on motion from a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). A district court should strike affirmative defenses if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotations and citation omitted); *see also id.* at 1055 (Rule 12(f) standard also applies to affirm. "The function of the motion is to avoid the expenditure of time and money that

2

must arise from litigating spurious issues by dispensing with them early in the case." *Id.* (internal quotation marks omitted), quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986). However, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Id.*, citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

## II. Analysis

As to the Second Defense, Failure to Join, Plaintiff argues that:

> Defendants have not identified which necessary parties, if any, are absent from the instant action, and why it is necessary for them to be joined in the litigation. Therefore, the defense of failure to join necessary parties is legally deficient and not applicable to as a matter of law and should be stricken.

(Doc. #38, PAGEID 320, citing *Pough v. DeWine*, No. 2:21-cv-880, 2022 WL 2437140, *3-4 (S.D. Ohio Jul. 5, 2022) (Gentry, Mag. J.), *report and recommendations adopted at* 2022 WL 2955010, *1 (S.D. Ohio Jul. 26, 2022) (Watson, J.)). As this Court noted in *Pough*, "[t]he mere fact that other persons may be liable to Plaintiff, as in the case of joint tortfeasors, does not make them necessary parties." 2022 WL 2437140, *3, citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (*per curiam*) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").

Moreover, a reasonable reading of Plaintiff's Complaint reveals Plaintiff's belief that the Davis Defendants are responsible for the entire loss that Plaintiff allegedly suffered. There is no indication from the Complaint, Answer, or any

3

other filing that Plaintiffs or the Davis Defendants think that there is an unidentified party that may have been involved in the subject matter of the litigation. Also, the Davis Defendants are not prejudiced by striking the defense; if they think that a third party is responsible for Plaintiff's injury, then they are welcome to implead that party. FED.R.CIV.P. 14. However, there is nothing in the pleadings that permits the Court to infer any possibility of success with the Davis Defendants raising this defense, and Plaintiff's Motion to Strike must be sustained as to the Second Defense.

As to the Third Defense, laches, Plaintiff notes that to prove laches, the Davis Defendants must demonstrate "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." (Doc. #38, PAGEID 321, citing *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 320 (6th Cir. 2001)). Plaintiff argues that, because its "claims are based occurred in July 2023 and August 2024, as alleged in the Complaint, and the Plaintiff filed its Complaint in the instant action on March 14, 2025 . . . , there is no inexcusable delay in bringing the claims, and the defense of laches cannot succeed." (*Id.*). Plaintiff's argument, however, underscores the heavily factual nature of the Court determining whether Plaintiff was diligent in protecting its rights. As such a determination is inappropriate at the Rule 12 stage, the Motion to Strike is overruled with respect to the Third Defense.

Plaintiff's Motion to Strike as to the Fourth Defense, qualified immunity, is well-taken. "The doctrine of qualified immunity protects *government officials*

4

'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (emphasis added), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity can never apply to the Davis Defendants, all of whom are private actors, and the Motion to Strike is sustained as to the Fourth Defense.

Regarding the Fifth Defense, Plaintiff is correct that, as pleaded, his Complaint satisfies any statute of limitations that might apply. (Doc. #38, PAGEID 323-24, citing 35 U.S.C. § 286; OHIO REV. CODE § 2305.10; *Ameritech, Inc. v. Am. Info. Tech. Corp.*, 811 F.2d 960, 963 (6th Cir. 1987)). However, whether a claim is barred by the statute of limitations is usually a factual determination, and is rarely resolved at the Rule 12 stage unless, *e.g.*, "it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 557 (D. Md. 2019). Here, it is at least plausible that discovery will unearth facts showing that Plaintiff's claims accrued far earlier than pleaded in the Complaint, and the statute of limitations could bar the claims. The Court will not depart from its well-reasoned disinclination to strike affirmative defenses in this instance, and the Motion is overruled as to the Fifth Defense.

With respect to the Sixth Defense—lack of standing—Plaintiff is correct that standing, in addition to not being an affirmative defense listed in Rule 8(c), is a threshold determination not subject to waiver or forfeiture. (Doc. #38, PAGEID

5

323, quoting *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994); citing FED.R.CIV.P. 8(c); *Edison Brewing Co. LLC v. Gourmet Fresh LLC*, No. 2:21-cv-876, 2022 WL 899695, * 4 (S.D. Ohio Mar. 28, 2022) (Sargus, J.)). The Davis Defendants' Eighth Defense—mootness—also is a jurisdictional threshold determination that can be raised at any time, may not be waived or forfeited, and also is not a Rule 8(c)-listed defense. (*Id.* at PAGEID 324-25, citing FED.R.CIV.P. 12(b)(1), (h)(3); *Pough*, 2022 WL 2437140, *3). Moreover, while the Davis Defendants could plausibly moot the matter by agreeing to all of the demands in Plaintiff's prayer for relief, "[t]here is no indication that this has happened or will happen." *Pough*, 2022 WL 2437140, *3. Similarly, the Seventh Defense—that Plaintiff has an adequate remedy at law—is merely a conclusory, albeit correct, statement that trademark infringement is an action at law for Seventh Amendment purposes (Doc. #38, PAGEID 324, quoting *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 364 (6th Cir. 1985)); no reasonable reading of the pleadings suggests that that statement could ever be used as a defense to defeat liability. Accordingly, the Motion is sustained as to the Sixth, Seventh, and Eighth Defenses.

Finally, the Davis Defendants' blanket statement that they partially admit and partially deny the allegations in paragraphs 3 through 29, without specifying the actual parts being denied, fails to respond the substance of the allegations or specify the portions of the allegations that they intend to deny. FED.R.CIV.P. 8(b)(2-4). These failures mean that Plaintiff and the Court do not know which of

6

Plaintiff's allegations should be deemed admitted through the Davis Defendants' failure to deny. FED.R.CIV.P. 8(b)(6). Accordingly, that portion of the Answer must be stricken, and the Davis Defendants must set forth which portions of the allegations in paragraphs 3 through 29 they seek to deny, or risk the Court deeming the entireties of those allegations admitted.

For the foregoing reasons Plaintiff's Motion to Strike (Doc. #38) is OVERRULED as to the Third and Fifth Affirmative Defenses and SUSTAINED in all other respects. The Davis Defendants' Second, Fourth, Sixth, Seventh, and Eighth Affirmative Defenses and their responses to paragraphs 3 through 29 in their Answer (Doc. #36) are STRICKEN. The Davis Defendants must file an amended answer as to paragraphs 3 through 29 that complies with Rule 8(b) within FOURTEEN (14) days of entry. Failure to do so may result in the Court deeming all allegations in those paragraphs as being admitted by the Davis Defendants.

IT IS SO ORDERED.

October 8, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT